[Cite as *State v. Lillicrap*, 2011-Ohio-3505.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                      :          C.A. CASE NO.    23958

v.                                               :          T.C. NO.    09CR4159

JAMES R. LILLICRAP                               :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                     :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___15th___ day of ___July___, 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER C. BAZELEY, Atty. Reg. No. 0077473, 5041 Glenway Avenue, Cincinnati, Ohio 45238
    Attorney for Defendant-Appellant

JAMES R. LILLICRAP, 331 Melford Avenue, Dayton, Ohio 45405
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Appointed counsel for defendant-appellant James R. Lillicrap submitted an appellate brief under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, alleging that he found no "non-frivolous" issue to raise on appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2} On January 6, 2010, Lillicrap was indicted on one count of knowingly causing or attempting to cause physical harm to a family or household member, with a prior conviction of Domestic Violence, under Ohio Revised Code Section 2919.25(A). The matter was tried before a jury on February 16-17, 2010. After testimony was presented from the victim, Kenneth Pak, witness Linda Young, Deputy Lawrence Tyree, Deputy Brian Godsey, and the defendant, the jury found Lillicrap guilty of Domestic Violence with a prior conviction.

{¶ 3} On March 11, 2010 Lillicrap was sentenced to a term of community control, not to exceed five years.

{¶ 4} Lillicrap filed a timely notice of appeal with this Court on March 26, 2010. On March 29, 2011, appointed counsel representing Lillicrap submitted an *Anders* brief, noting no "non-frivolous" issues to raise on appeal. By magistrate's order of March 30, 2011, this Court informed Lillicrap that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. This Court advised Lillicrap of his right to file a pro se brief assigning any errors for review by this Court within sixty days of March 30, 2011. Lillicrap has not filed anything with this court.

{¶ 5} Although arguing that there are no meritorious claims to raise on Lillicrap's

behalf, his counsel found one potential assignment of error; to wit: the State improperly vouched for the credibility of its witnesses' testimony and suggested that Lillicrap was lying during his testimony. Upon review, we agree with appellate counsel that this potential assignment of error has no arguable merit.

{¶ 6} Under *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293, the test used for determining whether there was prosecutorial misconduct at the trial level is (1) whether the remarks made by the prosecutor were improper, and, if so, (2) if they prejudicially affected the substantial rights of the defendant. When applying this test the Court must also recognize that prosecutors are given wide latitude in their closing statements to draw inferences from the testimony heard and the evidence presented. Id. However, prosecutors are not given complete and total freedom. "Prosecutors must avoid insinuations and assertions calculated to mislead. They may not express their personal beliefs or opinions regarding the guilt of the accused, and they may not allude to matters not supported by admissible evidence." Id. at 166.

{¶ 7} In this case, the Prosecutor's comments in his final closing statement do not amount to prosecutorial misconduct. Although Lillicrap's appointed counsel points to excerpts from the transcript wherein the prosecutor purportedly made comments regarding the witnesses' credibility and Lillicrap's veracity, these statements were not improper. The credibility issues raised by the prosecutor emphasize the fact that the jurors' decision comes down to whose testimony they should believe. The defendant had presented a completely different version of the events than what the prosecutor had adduced.

{¶ 8} Prosecutor: "This is a credibility issue. You obviously heard two different

versions. You heard the version of Kenny Pak and his mother and, of course, you heard Mr. Lillicrap so the question really is which one is reasonable to believe? Who has motive to mislead you? Who has motive to not tell the entire truth and distort the facts? Let's look at that and why you should be asking yourselves why they would want to come in and mislead you." (Tr. 143:10-20.)

{¶ 9} Furthermore, the statements made by the prosecutor, which appellate counsel maintains inappropriately vouch for the credibility of the state's witnesses, do no more than illustrate why the witnesses should be deemed credible from the state's perspective.

{¶ 10} Prosecutor: "Now, you got to observe the demeanor of the witnesses and, again, I agree with Mr. Bailey. You get to judge the credibility as to who you want to believe? I submit to you, Kenny Pak was a very credible witness. Very credible. And, remember, we talked about some of the signals you want to look for. Demeanor. He was a very credible witness because you know why? He was real. He even said on the stand, I'm very nervous. He testified consistently which again is another sign as to what happened. Credibility." (Tr. 149:22-150:8.)

{¶ 11} Because the portion of the prosecutor's closing argument was neither improper, nor does it establish prejudice to the substantial rights of Lillicrap, error is not demonstrated. There were no insinuations made by the prosecutor which were designed to mislead the jury from the testimony and evidence adduced. Thus, Lillicrap was not denied his right to a fair trial.

{¶ 12} In the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we find no potential assignments of error having arguable

merit. We conclude this appeal is wholly frivolous. The judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Christopher C. Bazeley
James R. Lillicrap
Hon. Dennis J. Langer